UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: _____

FRANCIS M. SHAW,

     Plaintiff,

v.

SHANDS AT LAKESHORE INC d/b/a
Lake Shore Specialty Group,

     Defendant,

_____/

## **COMPLAINT**

The Plaintiff FRANCIS M. SHAW sues Defendant SHANDS AT LAKESHORE INC d/b/a Lake Shore Specialty Group, and alleges:

### INTRODUCTION

1.     This is an action by Plaintiff FRANCIS M. SHAW, under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA); the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); 42 U.S.C. § 1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to her by the Defendant, SHANDS AT LAKESHORE INC d/b/a Lake Shore Specialty Group's discriminatory treatment on the basis of her age and race.

### JURISDICTION AND VENUE

2.     This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees and costs.

3.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331

and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

4.     The venue of this action is properly placed in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Columbia County Florida.

## PARTIES

5.     Plaintiff FRANCIS M. SHAW ("Shaw" or "Plaintiff"), is a resident of Columbia County, who was employed by Defendant SHANDS AT LAKESHORE INC D/B/A LAKE SHORE SPECIALTY GROUP.   At the time of her employment with Defendant, Plaintiff was a Black woman, who at the time of the adverse employment action was 57-years old, as such she is a member of certain protected classes of persons.

6.     Corporate Defendant SHANDS AT LAKESHORE INC D/B/A LAKE SHORE SPECIALTY GROUP ("SHANDS" or "Defendant"), is a for profit corporation authorized to conduct business in the State of Florida, in Columbia County, Florida, and within the jurisdiction of this Court.

## PROCEDURAL REQUIREMENTS

7.     All conditions precedent to this action have been fulfilled. Plaintiff dual-filed two Charges of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about August 13, 2019, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination.

## STATEMENT OF FACTS

8.      Plaintiff began her employment with Defendant in 1999, as an office clerk.  She was subsequently moved to the position of a film clerk in Radiology.

9.       In approximately 2012, Plaintiff was moved to the Defendant's west clinic location and was moved to the role of financial specialists.

10.      As a financial specialist, Plaintiff's duties included taking patients' insurance and other medical payments.

11.      Throughout her employment with the Defendant, Plaintiff performed her duties in a satisfactory fashion. Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed her duties without significant issue or controversy.

12.      For the majority of her, nearly 20-year employment with the Defendant, Plaintiff was treated as a valued member of the team and faced no discipline on the job.

13.      However, that changed after Plaintiff's supervisor Suzy Moody moved to the west clinic in 2012.

14.      During the time Plaintiff was employed by the Defendant, Plaintiff was subjected to unlawful acts of discrimination and harassment based on her race and age.

15.      After she became Plaintiff's supervisor, Ms. Moody frequently and continuously subjected her to verbal abuse, unwarranted scrutiny and unfounded allegations.

16.      Frequently, Ms. Moody would comment to Plaintiff that blacks don't know anything or that blacks are slow to comprehend.

17.      Ms. Moody also made comments specific to Plaintiff such as saying that she

was too old to catch on to the work she was doing, even though she had been doing the same thing for years.

18.     Ms. Moody would also sit and watch Plaintiff's work, subjecting her to scrutiny that she didn't give to Plaintiff's younger Caucasian co-workers.

19.     During Plaintiff's employment she observed that the Defendant did not promote black employees into supervisory roles, rather those roles were given to younger Caucasian employees.

20.     In, or about, March 2017, Plaintiff was moved to a new location 30 minutes to an hour away and replaced by a younger Caucasian employee who, on information and belief, was paid more than the Plaintiff despite less experience.

21.     After Plaintiff was moved, Ms. Moody continued to call the office and harass her.

22.     On, or about, April 22, 2018, Plaintiff was forced to resign due to the constant harassment.

## COUNT I:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE

23.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24.     Defendant employed Plaintiff since 1999 as first an office clerk, then a film clerk in Radiology, and  finally a financial specialist until her constructive discharge on, or about April 22, 2018.

25.     At all times material hereto, the Defendant failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq*., as amended, which states,

"It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

26.     The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Age.

27.     At all relevant times, including the time of discrimination, Defendant was aware that Plaintiff was 57 years old.

28.     At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant. The Plaintiff was qualified for the position apart from her apparent Age.

29.     The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

30.     The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

31.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

32.     Plaintiff's harassment by Defendant and Plaintiff's termination from

5

employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because she was 57 years old, in violation of the Act.

33.     Any alleged nondiscriminatory reason for the harassing and discriminatory treatment against Plaintiff by Defendant is a mere pretext for the actual reasons for the Plaintiff's treatment, her Age.

34.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to her age. The discrimination on the basis of Age constitutes unlawful discrimination.

35.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FRANCIS M. SHAW respectfully requests that this court order the following:

a.   Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

b.   Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.   Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.   Liquidated damages;

e.   Award Plaintiff prejudgment interest on her damages award;

f.   Award Plaintiff reasonable costs and attorney's fees; and

g.   Grant Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT II:**
**VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION**
**BASED ON RACE**

36.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

37.     Plaintiff is a member of a protected class of black citizens.

38.     At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

39.     During the course of Plaintiff's employment with the Defendant, Plaintiff was subjected to a discriminatory, hostile and offensive work environment, which was substantially motivated by her race, as more fully described in paragraphs 8-23 of this Complaint.

40.     The offensive and discriminatory conduct referred to in paragraphs 8-23 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

41.     Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race.   Alternatively, Plaintiff's race was a motivating factor in Defendant's

decision to discriminate against Plaintiff.

42.     The Plaintiff was qualified for the position.

43.     The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

44.     The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

45.     Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

46.     Plaintiff's harassment by the Defendant was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her race. Alternatively, Plaintiff's race was a motivating factor that made Defendant harass and terminate Plaintiff.

47.     At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant.

48.     Any alleged nondiscriminatory reason for the harassing and discriminatory treatment against Plaintiff by Defendant is a mere pretext for the actual reasons for the Plaintiff's treatment, her race.

49.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. Discrimination on the basis of race constitutes unlawful discrimination.

50.     As a direct and proximate result of the Defendant's intentional conduct,

Plaintiff suffered serious economic losses as well as mental pain and suffering.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRANCIS M. SHAW respectfully requests that this court order the following:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages according to proof;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760;**
**DISCRIMINATION BASED ON AGE**

51.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 and above as if set out in full herein.

52.     At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status*"

53.     Defendant's decision to discriminate against Plaintiff was because of her age. Alternatively, Plaintiff's age was a motivating factor that caused Defendant to discriminate against Plaintiff.

54.     At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was 57 years old.

55.     At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant.

56.     The Plaintiff was qualified for the position apart from her age.

57.     The Plaintiff was discriminated against by her supervisor Suzy Moody because of her age.

58.     The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

59.     The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

60.     Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

61.     Plaintiff was harassed and discriminated against by the Defendant and Plaintiff's harassment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's age.

62.     As a direct and proximate result of the Defendant's intentional conduct,

Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

63.     Any alleged nondiscriminatory reason for the harassing and discriminatory treatment against Plaintiff by Defendant is a mere pretext for the actual reasons for the Plaintiff's treatment, her age.

64.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their age. Discrimination on the basis of age constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FRANCIS M. SHAW respectfully requests that this court order the following:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages according to proof;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON RACE

65.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 and above as if set out in full herein.

66.     At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status*"

67.     Plaintiff is a member of a protected class of black citizens

68.     Defendant's decision to discriminate against Plaintiff was because of her race. Alternatively, Plaintiff's race was a motivating factor that caused Defendant to discriminate against Plaintiff.

69.     At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was black.

70.     At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant.

71.     The Plaintiff was qualified for the position apart from her apparent race.

72.     The Plaintiff was discriminated against by her supervisor Suzy Moody because she was black.

73.     The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

74.     The failure of Defendant to adhere to the mandates of the Act was willful and

its violations of the provisions of the Act were willful.

75.     Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

76.     Plaintiff was harassed and discriminated against by the Defendant and Plaintiff's harassment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's race.

77.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

78.     Any alleged nondiscriminatory reason for the harassing and discriminatory treatment against Plaintiff by Defendant is a mere pretext for the actual reasons for the Plaintiff's treatment, her race.

79.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. Discrimination on the basis of national origin constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FRANCIS M. SHAW respectfully requests that this court order the following:

        a.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award Plaintiff prejudgment interest on her damages award;

e.  Award Plaintiff punitive damages according to proof;

f.  Award Plaintiff reasonable costs and attorney's fees; and

g.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT V: VIOLATION OF 42 U.S.C. § 1981

80.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this Complaint as if set out in full herein.

81.     Plaintiff is a member of a protected class of black citizens.

82.     At all times relevant, Plaintiff was in a contractual relationship with the Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

83.     During the course of Plaintiff's employment with the Defendant, the Defendant has violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of his employment contract as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

84.     During the course of Plaintiff's employment with the Defendant, Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have non-black employees of the Defendant.

85.     The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 8-23 of this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

86.     The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 8-23, denied Plaintiff the right to make and enforce contracts as enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

87.     Through its actions and treatment of Plaintiff, the Defendant intended to discriminate against Plaintiff on the basis of Plaintiff's race.

88.     During the course of Plaintiff's employment with the Defendant, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 8-23 of this Complaint.

89.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

90.     Plaintiff has suffered damages of an on-going and continuous nature.

WHEREFORE, Plaintiff requests that this honorable court:

a.   Enter judgment in Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b.   Award Plaintiff actual damages suffered;

c.   Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

d.   Award Plaintiff prejudgment interest on his damages award;

e.  Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

f.  Award Plaintiff reasonable costs and attorney's fees; and

g.  Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: November 12, 2019.

Respectfully submitted,

By:  _s/ Brandon J. Gibson_____
Brandon J. Gibson, Esq.
Fla. Bar No.: 99411
bgibson@bjglawfirm.com
The Law Office of Brandon J. Gibson, PLLC
3800 Inverrary Blvd., Ste. 401-T
Lauderhill, Florida 33319
Telephone: (754) 229-1151
Facsimile: (844) 761-1555